**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CHRISTOPHER DEATON,                                                                                           PLAINTIFF
ADC #143472

v.                                      No. 2:12CV00186 JLH-JTK

JANICE GRAY, Law Library Supervisor,
East Arkansas Regional Unit,
Arkansas Department of Correction                                                                         DEFENDANT

## AMENDED ORDER

Christopher Deaton contends that Janice Gray, the law librarian for the East Arkansas Regional Unit of the Arkansas Department of Correction, violated his constitutional rights by failing to maintain an adequate law library. Specifically, Deaton contends that Gray failed to maintain a unit grooming policy and an updated law library index, and, as a result, he spent a significant time in punitive isolation that could have been avoided had he had a copy of the unit grooming policy with which to defend himself during disciplinary proceedings.

Gray moved for summary judgment, contending that Deaton's claims against her in her official capacity are barred by sovereign immunity, that Deaton cannot obtain injunctive relief against her, and that she is entitled to qualified immunity on Deaton's claims against her in her individual capacity. Deaton concedes that Gray is entitled to sovereign immunity on his claims for monetary damages against her in her official capacity and that he has no claims against her for injunctive relief. He disputes Gray's contention that she is entitled to qualified immunity.

After both parties had submitted briefs, United States Magistrate Judge Jerome T. Kearney issued proposed findings and recommendations in which he recommended that Gray's motion for summary judgment be granted and that Deaton's complaint be dismissed with prejudice.

Judge Kearney recommended that Deaton's claims against Gray in her individual capacity be dismissed based on the doctrine of sovereign immunity because there was no clearly established constitutional requirement that a prison law library maintain a current list of the unit level policies.

Deaton objected to the proposed findings and recommendations, arguing that the proposed findings and recommended disposition are erroneous in several of the factual statements and contending that he did have a clearly established constitutional right to a law library that maintained a unit level grooming policy and an updated law library index. In support of that argument, he cites *Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182, 135 L. Ed. 2d 606 (1996), where the Court stated, *in dicta*, that the tools that the constitution requires a prison law library to maintain "are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." That *dicta* in *Lewis* is based on *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977), where the Court held that the constitutional right of access to courts requires that prisons provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. Deaton also relies on *Coffman v. Trickey*, 884 F.2d 1057, 1060 (8th Cir. 1989), for the proposition that due process requires that before a person can be sanctioned, he must receive fair notice that the allegedly prohibited conduct was prohibited.

Overcoming a government official's qualified immunity requires more than that a constitutional right be clearly established at a high level of generality. *Anderson v. Creighton*, 483 U.S. 635, 639-40, 107 S. Ct. 3034, 3038-39, 97 L. Ed. 2d 523 (1987).

> It should not be surprising, therefore, that our cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be

sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in light of pre-existing law the unlawfulness must be apparent.

*Id.* at 640, 107 S. Ct. at 3039 (internal citation omitted).

Deaton has not shown that during the relevant time there was a clearly established constitutional right for prisoners to have a law library that included a unit level grooming policy and an updated law library index. In *Lewis*, the Supreme Court said that *Bounds* did not establish a "right to a law library or to legal assistance" but rather, that *Bounds* acknowledged the already well-established "right of *access to the courts*." *Lewis*, 518 U.S. at 350, 116 S. Ct. at 2179 (emphasis in the original); *see also Tokar v. Armontrout*, 97 F.3d 1078, 1083-84 (8th Cir. 1996). In *Coffman*, the court ruled that an inmate's due process rights were violated when he "was deprived of liberty without due process of law when [the prison superintendent] punished him for conduct that was not proscribed." *Coffman*, 884 F.2d at 1060. *Coffman* does not address the issue of what items must be contained in a law library, nor did Gray participate in the decision to punish Deaton for violating the grooming policy.

Therefore, assuming as correct all of Deaton's factual statements, including his objections to the factual statements in the Magistrate Judge's prosed findings and recommendations, Gray is still entitled to summary judgment based on the doctrine of qualified immunity. Document #68. Deaton's motion for reconsideration is DENIED. Document #84.

IT IS SO ORDERED this 11th day of March, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

3